IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-2839-WJM-TPO

NORTHMARQ FINANCE, LLC, a Nebraska limited liability company,

 Plaintiff,

v.

FIDELITY NATIONAL TITLE INSURANCE COMPANY, a Florida company,

 Defendant.

---

**ORDER DENYING DEFENDANT FIDELITY NATIONAL TITLE
INSURANCE COMPANY'S MOTION *IN LIMINE***

---

 Before the Court is Defendant Fidelity National Title Insurance Company's ("Fidelity") Motion *in Limine* ("Motion"). (ECF No. 218.) Plaintiff NorthMarq Finance, LLC ("NorthMarq") filed a response. (ECF No. 236.) For the following reasons, the Motion is denied.

## I. LEGAL STANDARD

 "A motion *in limine* is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts,* 59 F.3d 143, 146 (10th Cir. 1995). "The purpose of a motion *in limine* is to allow the Court to decide evidentiary issues in advance of trial to avoid delay and ensure an evenhanded and expeditious trial." *Dry Clean Super Ctr., Inc v. Kwik Indus., Inc.,* 2012 WL 503510, at *4 (D. Colo. Feb. 15, 2015).

 "The moving party bears the burden of demonstrating in their motion in limine that the evidence at issue 'is inadmissible on any relevant ground.'" *Wheatridge Office,*

*LLC v. Auto-Owners Ins. Co.,* 578 F. Supp. 3d 1187, 1201 (D. Colo. Jan. 4, 2022) (quoting *Pinon Sun Condo. Ass'n Inc. v. Atain Specialty Ins. Co.,* 2020 WL 1452166, at *3 (D. Colo. Mar. 25, 2020)). "The Court can deny a motion if the movant fails to set out, with the necessary specificity, the evidence it wishes to have precluded." *Wheatridge Office,* 578 F. Supp. 3d at 1201. "Denial of a motion in limine, however, does not mean that all the evidence contemplated in the motion will automatically be admitted at trial—'the court may alter its limine ruling based on developments at trial or on its sound judicial discretion' if one of the parties raises the question at that time." *Id.* (quoting *Pinon Sun Condo Ass'n,* 2020 WL 1452166, at *3).

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

"Relevant evidence is admissible" unless the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court provide otherwise. Fed. R. Evid. 402. In particular, "the court may exclude relevant evidence" pursuant to Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "The district court has considerable discretion in performing the Rule 403 balancing test." *United States v. Tan,* 254 F.3d 1204, 1211 (10th Cir. 2001).

"Irrelevant evidence is not admissible." Fed. R. Evid. 402.

Under Federal Rule of Evidence 602, "[a] witness may testify to a matter only if

evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter," which "may consist of the witness's own testimony." Fed. R. Evid. 602. Rule 602 "does not apply to a witness's expert testimony under Rule 703." *Id.*

## II. ANALYSIS[1]

### A.   "Evidentiary" Challenges to the Sufficiency of the Evidence

Fidelity raises several issues in the Motion that appear to be thinly-veiled challenges to the sufficiency of the evidence supporting NorthMarq's claims, rather than requests for pretrial rulings as to the admissibility of specific evidence. These issues include that

- "NorthMarq should be precluded from eliciting fact testimony from its employees to establish the material facts underlying its bad faith claim," (ECF No. 218 at 1);

- "NorthMarq should be precluded from proffering any fact witness, except Deborah Turner, to establish its alleged expectation of 'full mechanic's lien' coverage," (*id.* at 2);

- "NorthMarq should be precluded from presenting evidence it *requested* 'full mechanic's lien coverage' or HUD *requires* 'full mechanic's lien coverage,'" (*id.* at 4);

- "The Court should exclude any reference to or evidence of reasonable expectations of the Borrower or HUD involved in the transaction," (*id.* at 6);

- "The Court should exclude evidence of Goldstein's interactions with Matt Semple not otherwise evidenced in the record," (ECF No. 218 at 7).

---

[1] With the exception of citations to deposition transcripts, all citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination. Moreover, unless otherwise defined herein, all capitalized terms have the same meaning ascribed to them in the Court's Order (1) Granting in Part and Denying in Part NorthMarq's Motion for Partial Summary Judgment and (2) Denying Fidelity's Motion for Summary Judgment ("SJ Order"). (ECF No. 193.)

3

Through each of these challenges, Fidelity essentially argues that (1) it believes there is either no evidence to support a certain fact, or that that evidence can come from only one witness, so (2) the Court should preemptively exclude any other witness from testifying in support of that fact because, *inter alia*, those unidentified witnesses necessarily lack personal knowledge.  To the extent Fidelity invites the Court to broadly limit the universe of evidence that NorthMarq may rely upon at trial in support of its bad faith claim or reasonable expectations theory, the Court declines.  *Weidenbach v. Casper-Natrona County Health Dept.,* 2021 WL 7287022, at *4 (D. Wyo. June 17, 2021) ("[m]otions in limine are never intended to be used to prevent the opposing party from presenting their case"); *see also Deghand v. Wal-Mart Stores, Inc.,* 980 F. Supp. 1176, 1182 (D. Kan. 1997) ("objections going to personal knowledge are best reserved for trial").[2]  Moreover, insofar as the premise of these arguments is that the evidence Fidelity seeks to exclude is nonexistent, it is unclear to the Court why a motion *in limine* as to these issues was even necessary.  *See Wheatridge Office, LLC v. Auto-Owners Ins. Co.,* 578 F. Supp. 3d 1187, 1201 (D. Colo. Jan. 4, 2022) ("The Court can deny a motion if the movant fails to set out, with the necessary specificity, the evidence it wishes to have precluded."*).*

For at least these reasons, the Motion is denied as to each of the above-cited issues.  To the extent that NorthMarq seeks to introduce evidence or testimony that Fidelity believes is encompassed by one of these issues and inadmissible, Fidelity may

---

[2] As an aside, to the extent Fidelity seeks to preclude NorthMarq's expert(s) from testifying to certain facts because they are not within that expert's personal knowledge, its objection is misplaced.  *See* Fed. R. Evid. 602 ("This rule does not apply to a witness's expert testimony under Rule 703.").

4

make a *specific* evidentiary objection to that *specific* evidence at trial.

B.      **Evidence of Other Agreements Entered at Loan Closing**

Fidelity next contends that "NorthMarq should be precluded from introducing other agreements entered at loan closing," including the ML Indemnity Agreements and Disbursement Agreement. (ECF No. 218 at 6.) To prevail on its reasonable expectations theory, NorthMarq "must demonstrate through extrinsic evidence that its expectation[s] of coverage [are] based on specific facts which make these expectations reasonable." *Bailey v. Lincoln Gen. Ins. Co.,* 255 P.3d 1039, 1054 (Colo. 2011). Fidelity does not argue that agreements extrinsic to the Policy are not the sort of "extrinsic evidence" upon which an insured can rely to support its reasonable expectations. Rather, Fidelity argues that, because NorthMarq's loan closing counsel testified at deposition that (to use Fidelity's paraphrasing) "there are no other documents outside of the Policy that informed her understanding of the coverage provided under the Policy," the evidence is irrelevant, confusing, and unduly prejudicial. (ECF No. 218 at 6.)

Even assuming Fidelity's argument has some merit—an issue the Court does not reach because Fidelity has not cited a single authority to support it—the Court understands NorthMarq to argue the agreements are relevant for a different purpose. That is, NorthMarq does not appear to argue the agreements themselves *created* its expectations of coverage but *corroborate* its expectations of coverage at the relevant time. For the same reason, Fidelity has not satisfied its "burden of demonstrating . . . that the evidence at issue 'is inadmissible on any relevant ground,'" *Wheatridge Office, LLC v. Auto-Owners Ins. Co.,* 578 F. Supp. 3d 1187, 1201 (D. Colo. Jan. 4, 2022) (quoting *Pinon Sun Condo. Ass'n Inc. v. Atain Specialty Ins. Co.,* 2020 WL 1452166, at

5

\*3 (D. Colo. Mar. 25, 2020)), nor that it is *unfairly* prejudicial.  *See U.S. v. Flanagan,* 34 F.3d 949, 953 (10th Cir. 1994) ("the unfair prejudice aspect of Rule 403 cannot be equated with testimony which is simply unfavorable to a party").

The Motion is accordingly denied with respect to Fidelity's request to exclude evidence of other agreements entered into by NorthMarq and Fidelity at Loan closing.

### C.     Evidence of Bad Faith Not Set Forth in the FPTO

Fidelity next argues that, "[i]n the Final Pretrial Order, NorthMarq limits the basis of its common law bad faith claim to 'Fidelity's bad faith investigation and handling of the Claim'" and "[t]he Court should not permit NorthMarq to amend or add to its theories at this late stage."  (ECF No. 218 at 7.)  To be sure, the law is clear in this Circuit that "claims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the complaint."  *Wilson v. Muckala,* 303 F.3d 1207, 1215 (10th Cir. 2002).  Accordingly, the Motion is denied as moot given that NorthMarq will already be precluded from introducing evidence of matters that have not been preserved in the FPTO, as amended by Court Order.

Beyond the foregoing, Fidelity does not specifically identify the "theories" of bad faith that it believes NorthMarq should be precluded from presenting to the jury, i.e., insofar as they are not encompassed by "Fidelity's bad faith investigation and handling of the Claim."  (ECF No. 236 at 4.)  NorthMarq, for its part, surmises that Fidelity seeks "to exclude any opinion beyond Fidelity's bad faith 'investigation' so it can remain insulated from any bad faith for its bad faith *denial of coverage* and *refusal to pay*."  (ECF No. 236 at 4.)  Under the facts of this case, however, it seems the denial of coverage may be part and parcel of Fidelity's "handling of the Claim."  (*See* ECF No. 182 at 6 (alleging that "NorthMarq tendered its claim to Fidelity and asked Fidelity to

6

defend NorthMarq against the Mechanic's Liens Actions (third-party), *or* to be compensated by Fidelity for damage to NorthMarq caused by the liens themselves (first-party).").)

Point being, the Court will not guess at what evidence it is that Fidelity specifically seeks to exclude.  Accordingly, the Motion is also denied to the extent it seeks a more specific ruling at this time.

### D.     Preclude Goldstein from Questioning Semple

Next, citing Fed. R. Evid. 403 and Colo. R. Prof'l Conduct 3.7, Fidelity argues that NorthMarq's counsel, Mr. Goldstein, "should be precluded at trial from questioning Semple as it would unduly prejudice Fidelity and the integrity of the adversarial process."  (ECF No. 218 at 8.)

Fidelity directs the Court to the comments to Rule 3.7, which provide in pertinent part that

> The tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness.  The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation.  A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others.  It may not be clear whether a statement by an advocate-witness should be taken as proof as an analysis of the proof.

Colo. R. Prof'l Conduct 3.7, cmt. 2.  But, Fidelity concedes at the outset that this Rule does not strictly apply to Mr. Goldstein, as he will not testify as a witness at trial and accordingly is not an "advocate-witness."  (ECF No. 218 at 9.)  The Court is disinclined to do anything other than "strictly apply" the Rule here, where Fidelity essentially brings a request to disqualify NorthMarq's lead trial counsel (even on a limited basis) on the eve of trial through the vehicle of a motion *in limine*.

7

That said, the Court strongly cautions Mr. Goldstein that he will be strictly held to his role as just "advocate" at trial. Mr. Goldstein will **not** be permitted to use his examination of Semple as a means to effectively testify himself through his questioning of the witness. To the contrary, the Court will view any attempt by Mr. Goldstein to insinuate into evidence his personal knowledge of the facts through his questions of Semple as a violation of Rule 3.7, and in which case the Court may be required to take further action.

Subject to the foregoing advisory, the Motion is denied as to Fidelity's request to preclude Mr. Goldstein from questioning Semple at trial.

### E. Testimony of Marsh

Lastly, Fidelity argues that "NorthMarq should be precluded from introducing the testimony of former Fidelity employee Richard Marsh, whom NorthMarq insisted on deposing despite his suffering from Parkinson's disease and his marginal role in this transaction." (ECF No. 218 at 9.) It cites Fed. R. Evid. 601 and section 13-90-106(1)(a), C.R.S., which provides that "[p]ersons who are of unsound mind at the time of their production for examination" "shall not be witnesses."

It appears that Fidelity did not specifically raise § 13-90-106(1)(a) when, nearly two years ago, it sought a protective order to preclude NorthMarq from taking Marsh's deposition in the first instance. (ECF No. 103.) Nonetheless, then-Magistrate Judge S. Kato Crews determined at that time that Marsh's health issues should not preclude him from testifying at a deposition. (ECF No. 109.) Fidelity did not file a Rule 72 objection to Judge Crews's Order denying its motion for a protective order, and it appears it now seeks a second bite at the apple through a motion *in limine.*

In any case, "[w]hen the mental state of a witness is challenged, the question of

8

competency is for the court, while the question of credibility remains for the jury." *Picco v. Glenn,* 2013 WL 5938020, at *3 (D. Colo. Nov. 6, 2013). Here, the issues that Fidelity identifies go to Marsh's credibility, not his competency. And as to credibility, Fidelity has already identified its remedy: cross-designating portions of his deposition that illustrate those credibility issues for the jury's consideration.

For these reasons, Fidelity's Motion is denied as to its request that the Court preclude NorthMarq from introducing Marsh's testimony at trial.

### III. CONCLUSION

As more fully set forth above, the Court ORDERS that Defendant's Motion *in Limine* (ECF No. 218) is DENIED.

Dated this 21st day of October, 2025.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge

9